UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA VANESSA CHAVARRIA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 18-cv-06036-KAW (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner Karla Vanessa Chavarria, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted in the Southern District of California and is now confined in the Northern District of California.

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because Congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000) Challenges to the legality of a federal conviction or sentence must be filed in a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *Id.* at 864; *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Only the sentencing court has jurisdiction over these claims. *Id.* at 1163. In contrast, challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court. *Hernandez*, 204 F.3d at 864.

There is an exception to this general rule: a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if the prisoner can show the remedy available under § 2255 is "'inadequate or ineffective to test the validity of his detention.'" *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). This is known as the "savings clause." *Hernandez*, 204 F.3d at 864 n.2.

The petition challenges the criminal judgment imposed against Petitioner in the Southern District of California. Her claims are: (1) insufficiency of the evidence; (2) unconstitutional denial

of her right to a competency hearing; and (3) improper intimidation of defense witness.  Therefore, this case is properly brought in a § 2255 motion in the Southern District.  However, Petitioner alleges that "her remedy under § 2255 is inadequate or ineffective to test the legality of her detention."

When a prisoner files a habeas petition under § 2241 claiming the remedy provided by § 2255 is inadequate or ineffective, the district court must determine whether a § 2241 remedy is available under the savings clause of § 2255.  *Hernandez*, 204 F.3d at 864–65.

The Ninth Circuit has said the savings clause exception is "very narrow."  *Pirro*, 104 F.3d at 299.  For example, the remedy under § 2255 is not inadequate or ineffective only because a previous § 2255 motion was denied.  *See Tripati*, 843 F.2d at 1163; *see also Lane v. Hanberry*, 601 F.2d 805 (§ 2241 petition not proper unless petitioner can show more than lack of success in prior § 2255).  Also, the dismissal of a § 2255 motion as successive does not render relief under § 2255 an inadequate or ineffective remedy.  *Moore v. Reno*, 185 F. 3d 1054, 1055 (9th Cir. 1999).

The petition indicates that Petitioner filed direct appeals but did not file a motion under § 2255.  She has not stated why her claims cannot be heard in the sentencing court by way of a § 2255 motion.  Under these circumstances, Petitioner has failed to show that her case falls under the "narrow exception" described in *Pirro*.  *See Pirro*, 104 F.3d at 299 (prisoner may not seek relief under § 2241 if he has failed to apply for relief under § 2255 to the court which sentenced him).

In the interests of justice, this Court exercises its discretion to transfer the petition to the Southern District of California.  *See* 28 U.S.C. § 1631 (transfer to cure want of jurisdiction).  The Clerk shall terminate all pending motions.

IT IS SO ORDERED.

Dated: February 28, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge